UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMIE L. CIANFLONE                                                         PLAINTIFF

V.                      NO. 1:16CV00149-JTR

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                          DEFENDANT

## ORDER

### I. Introduction:

Plaintiff, Jamie L. Cianflone, applied for disability benefits on November 19, 2013, alleging her disability began on August 19, 2013. (Tr. at 12). Her claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Cianflone's application. (Tr. at 25). The Appeals Council later denied her request for review (Tr. at 1), thereby making the ALJ's decision the final decision of the Commissioner. Cianflone has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. The Commissioner's Decision:

The ALJ found that Cianflone had not engaged in substantial gainful activity during the period from her alleged onset date of disability, August 19, 2013, through her date last insured of March 31, 2015. (Tr. at 14). She worked five to seven days a week for five to six hours a day through the fall of 2014, but her work activity did not rise to the level of substantial gainful activity. *Id*. At Step Two, the ALJ found that Cianflone has the following severe impairments: fibromyalgia/myalgia/arthralgia, hypertension, headaches/migraines, a history of syncope, major depressive disorder/depression (not otherwise specified), post-traumatic stress disorder, panic disorder, and pain disorder. *Id*.

After finding that Cianflone's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that she had the residual functional capacity ("RFC") to perform the full range of light work, except that: (1) she can only occasionally climb ramps and stairs, can never climb ladders, ropes, and scaffolds, and can only occasionally balance, stoop, kneel, crouch, and crawl; (2) she must avoid concentrated exposure to hazards, including no driving as a part of work; and (3) she can only work where interpersonal contact with coworkers and supervisors is incidental to the work performed, there is no contact with the general public, the complexity of tasks is learned and performed by rote, with few variables

and little use of judgment, and the supervision required is simple, direct, and concrete. (Tr. at 17).

The ALJ found, at Step Four, that Cianflone was unable to perform any past relevant work. (Tr. at 23). After hearing testimony from a Vocational Expert ("VE"), the ALJ found that, based on Cianflone's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including work as a price marker and plastics molding machine tender. (Tr. at 24). Thus, the ALJ concluded that Cianflone was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

3

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

    B.   Cianflone's Arguments on Appeal

Cianflone contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) the ALJ failed to fully and fairly develop the record; (2) the ALJ erred at Step Two; and (3) the ALJ erred in his RFC determination.

Cianflone focuses her arguments on mental impairments, back disorders, and fibromyalgia. She specifically argues that the ALJ should have found personality disorder, fibromyalgia, and a herniated disc as severe impairments at Step Two.

The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746

4

(8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

The record does not reflect a personality disorder sufficient to be defined as a severe impairment. Cianflone received medication management for anxiety and depression from Mark Bonner, M.D., during a February 15, 2012 visit. (Tr. at 585, 586). She attended only two sessions for psychiatric care at Ozark Guidance, on May 2, 2013 and June 4, 2013. (Tr. at 443-449). That is the extent of her treatment by psychiatric professionals. A failure to pursue a course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005); *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993) (when a claimant has not treated his anxiety, the ALJ is justified in ruling out anxiety as an impairment). Moreover, at six visits to Debbie Deere, M.D., from October 2012 to November 2013, Cianflone did not allege mental problems. (Tr. at 455-478).

However, the record does contain a mental diagnostic evaluation dated January 22, 2014. (Tr. at 511-514). Terry Efird, Ph.D., found, upon clinical examination, that Cianflone could communicate and interact in a reasonably socially adequate manner; had the capacity to perform basic cognitive tasks required for basic work-like activities; and had no remarkable problems with persistence, and

5

completed most tasks within an acceptable timeframe. (Tr. at 514). He diagnosed PTSD and major depressive disorder, which the ALJ correctly found to be severe impairments. (Tr. at 513). Dr. Efird did not diagnose personality disorder. His opinion is supported by the opinion of state agency psychological examiner, Diane Kogut, Ph.D., who limited Cianflone to unskilled work. (Tr. at 110). The limitations on mental abilities that the ALJ imposed in the RFC aligned with the opinions of both Dr. Efird and Dr. Kogut. Nevertheless, Cianflone argues that the ALJ should have further developed the record by posing follow-up interrogatories to Dr. Efird.

An ALJ has a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a claimant has the burden of proving her disability -- the ALJ does not have to play counsel for the claimant. *Id*. The ALJ is required to recontact a treating or consulting physician only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011). Here, Cianflone did not require regular psychiatric treatment, did not require inpatient care, and did not have any extended episodes of decompensation. The ALJ properly considered the evidence of mental impairment, and he did not need to further develop the record, as there was no inconsistency, and the limitations imposed in the RFC aligned with the evidence before him.

Cianflone's argument that her back condition met the severe impairment requirement fails. The only objective testing on her back was a November 24, 2013 lumbar x-ray and an August 18, 2013 cervical CT scan. (Tr. at 401, 435). Both exams were unremarkable. Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Also, at the visits with Dr. Deere referenced above, Cianflone did not mention back problems. Failure to allege impairments supports the ALJ's finding. *See Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011). Finally, Cianflone's activities do not portray someone with a severe back disorder. She worked as a personal care assistant five to seven days a week for five hours a day until late in 2014. (Tr. at 52-55). In that job, she helped disabled clients with a variety of physical needs, like bathing, dressing, and eating. *Id*. Working generally demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994).

Cianflone also said she could do the dishes, wipe off countertops, shop for groceries, and visit with friends. (Tr. at 323-325). Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Because the evidence does not reflect that Cianflone had a severe back impairment, the ALJ did not err at Step Two.

Cianflone argues that fibromyalgia should be a severe impairment. She is right, and the ALJ *did* characterize it as a severe impairment. Thus, this argument is also misplaced.

Finally, Cianflone contends that the RFC was not reflective of all of her limitations. A claimant's RFC represents the most he or she can do despite the combined effects of all of the credible limitations, and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his or her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

The mental limitations in the RFC incorporated the opinions of the psychological examiners and the evidence of Cianflone's ability to engage in daily activities. The only medical source statement concerning physical limitations was from Dr. Deere, who noted she was *not* trained to fill out the form. This led Cianflone to complete the form herself. (Tr. at 579-581). Because Cianflone was not qualified to complete the form and make an RFC determination, the ALJ correctly discounted the serious limitations Cianflone assigned *to herself* on a form that was supposed to be completed by Dr. Deere. Finally, the ALJ included several postural limitations in

arriving at Cianflone's RFC. Thus, the Court concludes that the ALJ did not err in his RFC determination.

## IV. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The record was properly developed and the ALJ did not err at Step Two or in his RFC determination.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is AFFIRMED, and Cianflone's Complaint is DISMISSED, with prejudice.

DATED this 4th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE